EL PUEBLO, DEMANDANTE Y APELADO, *v.* GRAU, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en causa por infracción al artículo 93 del Código Penal.

No. 1647.—Resuelto en junio 21, 1921.

EMPLEADOS PÚBLICOS—EXTRALIMITACIÓN DE FACULTADES POR EMPLEADO PÚBLICO—ARTÍCULO 93 DEL CÓDIGO PENAL.—El hecho de haber ordenado un Inspector de Sanidad el cierre de un establecimiento sin autoridad para ello, no es constitutivo del delito previsto y castigado en el artículo 93 del Código Penal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José R. Aponte.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Rafael Grau fué acusado y condenado por una infracción

al artículo 93 del Código Penal.   La acusación, en lo pertinente, dice así:

"Que en Morovis, que forma parte del Distrito Judicial Municipal de Ciales del Distrito Judicial de Arecibo, P. R., el día 10 de mayo de 1920, entre 10 y 11 a. m., allí y entonces, el dicho Rafael Grau, voluntaria y criminalmente, siendo Inspector de Sanidad del Municipio de Morovis y valiéndose de dicho cargo y sin cumplir con los requisitos de la Ley de Sanidad sobre la materia y sin órdenes del Departamento Insular de Sanidad, procedió a la clausura de un establecimiento destinado a despalillado de tabaco, propiedad de Angel M. Quintero, violando así a sabiendas las disposiciones de la ley y de los reglamentos de Sanidad referentes a la clausura de establecimientos."

El artículo 93 del Código Penal es como sigue:

"Toda persona que, ocupando un empleo público, obstinadamente rehusare o descuidare cumplir las obligaciones de dicho empleo, o que infringiere cualquiera disposición legal relativa a sus obligaciones o las de su cargo y para lo cual no se hubiese señalado otra pena, incurrirá en multa máxima de cinco mil (5,000) dollars, o cárcel por el término máximo de un año, o en ambas penas."

Y la sentencia apelada dice:

"Y la corte, en este día, estando presente el acusado y en vista de la prueba practicada, declara a dicho Rafael Grau, culpable de una infracción del artículo 93 del Código Penal, en su caso segundo, por haber infringido una disposición legal relativa a sus obligaciones, esto es, el Reglamento de Sanidad número 14, de 28 de enero de 1913, en sus artículos 1 y 28, y en su consecuencia condena a dicho acusado Rafael Grau, a la pena de treinta dollars de multa, y en defecto de dicho pago, a sufrir un día de cárcel, en la del distrito, por cada dollar de multa que dejare de satisfacer, y a pagar las costas de esta causa; y de acuerdo con lo que determina el artículo 24 de dicho Código Penal se dispone además la separación de dicho Rafael Grau, del cargo de Inspector de Sanidad del municipio de Morovis, que viene ejerciendo, debiendo comunicarse esta sentencia una vez sea firme, al Comisionado Municipal de Sanidad de Morovis para su conocimiento."

Forma parte de los autos una exposición del caso.   Se-

gún ella el testigo Angel María Quintero declaró, en resumen, que era el dueño de un despalillado de tabaco; que en él estuvo el acusado y notando deficiencias sanitarias, le ordenó el cierre del establecimiento poniendo fuera un cartel que decía que quedaba cerrado, pero que como el testigo tenía tabaco mojado lo manifestó así al acusado y a la policía y no cerró el despalillado.

El doctor Ruiz Soler, Comisionado Insular de Sanidad, dijo que un Inspector Local de Sanidad no puede sin orden escrita del Departamento clausurar ningún edificio y que en este caso no dió tal orden.

El doctor Grau, Comisionado de Sanidad de Morovis, manifestó que Quintero tenía el despalillado abierto a virtud de un permiso provisional que el declarante le diera.

Y el Policía Insular Gallardo dijo, entre otras cosas, lo que sigue:

"Estuve allí en el despalillado con motivo de haber salido una huelga de despalilladoras y estando en el despalillado, en la fábrica, llegó entonces el Inspector de Sanidad Sr. Grau y dijo que iba a ver las deficiencias del taller, y estuvo allí mirando las deficiencias que había, y entonces le dijo a Quintero las deficiencias que había, que quedaba cerrado el taller, y entonces Quintero dijo que se lo diera por escrito, y dijo, que se lo daría en el pueblo, porque en aquel momento carecía, no sé de qué cosa; y entonces Quintero dijo que no cerraba, que continuaba trabajando; y así sucedió, continuó trabajando y nos venimos para el pueblo."

Resulta, pues, que el hecho realizado por el acusado en su carácter de Inspector Local de Sanidad consiste en haber ordenado que se cerrara cierto establecimiento sin autoridad para ello y sin que su orden fuera acatada ni cumplida.

¿Constituye esta actuación un verdadero delito previsto y castigado en el artículo 93 del Código Penal?

El inspector no rehusó obstinadamente ni descuidó el cumplimiento de las obligaciones de su cargo; pero se alega por el fiscal de esta Corte Suprema que infringió disposi-

ciones legales relativas a su cargo y por tanto, que cometió el delito por el cual fué castigado.   El fiscal se expresa así:

"Claro está que el artículo 93 hay que relacionarlo con .las atribuciones que tenía en aquellos momentos el Inspector Local de Sanidad para ver si de este modo infringió alguna disposición legal relativa a su cargo, según dice el estatuto."

Transcribe el fiscal el artículo 30 de la ley de 14 de marzo de 1912 para reorganizar el servicio de sanidad y los artículos 1 y 21 del Reglamento de Sanidad No. 14 y continúa diciendo:

"De manera que de acuerdo, tanto con la ley como con el reglamento que hemos citado, la única atribución u obligación del inspector de sanidad local era la de penetrar en el establecimiento de Quintero a los fines de determinar las deficiencias sanitarias del mismo, pero no aparece en ninguna parte de la ley ni del reglamento que tuviese atribución alguna para ordenar la clausura del establecimiento como lo hizo en la fecha a que se refiere la denuncia, cosa que entendemos que era de perfecto conocimiento del inspector, ya que hay que presumir que conocía las obligaciones de su cargo.

"La única cuestión que podría arguirse en este caso es que el estatuto o artículo 93 se refiere a la infracción de cualquier disposición legal relativa a sus obligaciones o las de su cargo, y toda vez que lo hecho por el Inspector de Sanidad en el presente caso era una extralimitación de sus funciones, atribuyéndose funciones de otro cargo distinto, claro está que a primera vista aparece como que no infringía disposición alguna de su cargo sino que más bien asumía otras que no le pertenecían, y por tanto no violaba el artículo 93 que se dice infringido.   Pero a esto puede también arguirse en contrario que toda vez que dicho funcionario tenía marcado el procedimiento a seguir en el caso que nos ocupa, si se salía del mismo, del círculo de sus atribuciones, para tomarse otras de otro cargo distinto, claro está que infringía las disposiciones legales relativas al suyo, ya que la extralimitación no puede entenderse de otro modo que como una violación de las atribuciones que por su cargo le encomendaba la ley."

No carece de fundamento la argumentación del fiscal, pero a nuestro juicio no cabe admitirla como decisiva.   Para com-

prender el hecho denunciado y probado dentro de los términos del artículo 93, se necesita forzarlo. Habría que aplicar por extensión la ley y tal procedimiento no debe seguirse en causas criminales, tanto más cuando se trata de preceptos que, como el repetido artículo 93, según dijo esta misma corte en *El Pueblo* v. *Rivera,* 25 D. P. R. 612, 613, son tan amplios que quizás alguna violación literal de los mismos no podría ser castigada.

Ni las partes han citado ni hemos podido encontrar nosotros, precedentes del artículo 93, ni jurisprudencia aplicable.

Por virtud de lo expuesto, opinamos que debe revocarse la sentencia recurrida.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.